UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHEL R. R.,<br><br>                    Petitioner,<br><br>        v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al,<br><br>                    Respondents. | No. 1:26-cv-02758-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Richel R. R.'s [1] ("Petitioner") petition for writ

---

[1] The Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United

ORDER GRANTING HABEAS PETITION ~ 1

of habeas corpus. ECF No. 1. As set forth below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner is a citizen of Cuba and was first encountered by Border Patrol in San Luis, Arizona, in September 2021. ECF No. 7-1 at 2. He was issued a Notice to Appear and was subsequently released on an Order of Recognizance. *Id.* In January 2025, during an appointment at the ATD Behavioral interventions Office in Miami, Florida, Petitioner was arrested and has been detained ever since. *Id.* Petitioner has a pending application for permanent residence (I-485) and a pending application for asylum or withholding of removal (I-589). *Id.* On April 7, 2026, an Immigration Judge reviewed the Department of Homeland Security's negative credible fear determination and found Petitioner has established a significant possibility of eligibility for asylum or withholding of removal and vacated DHS's negative finding. ECF No. 7-3. Petitioner is now detained at the Mesa Verde Detention Center in Bakersfield, California. ECF No. 1.

On April 13, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights under the Fifth

States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION ~ 2

Amendment and right to a bail hearing under the Eighth Amendment have been violated. ECF No. 1. On April 15, 2026, Respondents filed a response contending that Petitioner's detention is mandatory as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). ECF No. 7 at 2.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment and under the Eighth Amendment.

ORDER GRANTING HABEAS PETITION ~ 3

ECF No. 1. Respondents do not substantively address Petitioner's arguments; rather, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act without a bond hearing. ECF No. 7 at 2.  The Court considers the parties' arguments, starting with the Respondents' contention that the INA justifies continued detention.

## IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct.

ORDER GRANTING HABEAS PETITION ~ 4

830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

This Court joins countless other courts in concluding Respondents' proposed interpretation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Having been deprived a bond hearing or any opportunity to establish that he does not present a danger to national security or pose a risk of flight, the Court concludes Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A) and was thus wrongfully denied a bond hearing under Section 1226(a).

ORDER GRANTING HABEAS PETITION ~ 5

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a. Protected Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,*

ORDER GRANTING HABEAS PETITION ~ 6

504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has no criminal history nor do there appear to be any allegations of noncompliance with release. There is no valid arrest warrant in the record. There therefore appears to be no lawful basis for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own

ORDER GRANTING HABEAS PETITION ~ 7

liberty. He has been detained for almost four months and describes having been transferred four times across the country. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk; in fact, it appears he has no criminal history and no allegation of noncompliance or violation of the terms of release. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention

ORDER GRANTING HABEAS PETITION ~ 8

without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Having found all four *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2. Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 240126009) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or

ORDER GRANTING HABEAS PETITION ~ 9

re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.**

DATED April 30, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 10